ON MOTION TO DISMISS

ANTOON, Judge.
This matter comes to us on appellees’ motion to dismiss this appeal for lack of jurisdiction. Specifically, the appellees assert that this appeal was not timely filed. We deny the motion because the instant notice of appeal was timely filed.
In the proceedings before the probate court, there was a dispute regarding the distribution of certain assets from the estate. Upon review of the matter, the court determined that part of the assets of the estate should be distributed to the appellees, and on May 19, 1997, the court entered an order accordingly. Ten days later, on May 29, 1997, the appellants moved for rehearing. On June 19, 1997, the probate court entered an order denying the motion for rehearing. Twenty-nine days later, on July 18, 1997, the appellants filed their notice of appeal.
Rule 5.100 of Florida Probate Rules states that all orders and judgments entered in probate proceedings which finally determine a right or an obligation of an interested party are appealable as provided in rule 9.110(a)(2) of the Florida Rules of Appellate Procedure. Rule 9.110(a)(2) similarly states that appeal proceedings to review “final orders of lower tribunals” include review of orders entered in probate proceedings that finally determine a right or obligation of an interested person. Construing these rules together, we conclude that, although the notice of appeal referred to the trial court’s May 19 order as “non-final,” it was final for purposes of appellate review.
With regard to the question of whether the appellants’ timely motion for rehearing tolled the time for filing a notice of appeal, rule 9.020(h) of the Florida Rules of Appellate Procedure provides that an authorized motion for rehearing tolls the time to file a notice of appeal of a final order. Rule .5.020(d) of Florida’s Probate Rules appears to authorize the filing of a motion for rehearing on any order or judgment entered in a probate proceeding. As a result, appellants’ May 29 motion for rehearing tolled the running of the time for filing a notice of appeal until July 19, 1997, thirty days after the date the order denying the motion for rehearing was entered. Accordingly, appellants’ July 18 notice of appeal was timely.
Accordingly, the appellees’ motion to dismiss this appeal for lack of jurisdiction is denied.
MOTION DENIED.
GRIFFIN, C.J., and HARRIS, J., concur.